(V. D. 44)

J. E. Bernard & Company, Inc., et al. *v.* United States

Entry No. 5012, etc.

(Decided March 6, 1957)

*Wallace & Schwartz* for the plaintiffs.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

Oliver, Chief Judge: This matter comes before me at this time pursuant to a remand from classification proceedings (*J. E. Bernard & Company, Inc., et al.* v. *United States,* 36 Cust. Ct. 462, Abstract 59994), wherein judgment was entered, ordering that the matter be "remanded to a single judge in reappraisement pursuant to the provisions of Title 28 U. S. C. § 2636 (d)."

Counsel for the respective parties have submitted the matter for decision on a written stipulation reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiffs and the Assistant Attorney General for the United States concerning the merchandise referred to in the attached Schedule A, as follows:

1. Said merchandise consists of binoculars and leather carrying cases which, in *John P. Herber & Co. Inc.* v. *United States,* C. D. 1519, this Court held to be subject to appraisement separately according to the value of each class of articles.

2. At the time of exportation of such merchandise to the United States, the price at which such or similar merchandise was freely offered for sale to all purchasers, in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade for exportation to the United States, is the unit price as shown in the attached Schedule A, in U. S. currency, less the deductions from said unit price as invoiced, cases and packing as shown in said Schedule A, the foreign value of such or similar merchandise being no higher.

3. The above reappraisements are abandoned as to all entries and merchandise not listed in the attached Schedule A, and said reappraisements may be deemed to be submitted for decision upon this stipulation.

(555)

On the agreed facts, I hold that the proper basis for appraisement of the binoculars and leather cases in question, as hereinabove identified, is export value, as defined in section 402 (d) of the Tariff Act of 1930, and that such statutory value for each of these articles is the unit price in United States currency, as shown in schedule "A," attached hereto and made a part hereof, less the deductions from the said unit price as invoiced, cases and packing, as shown in said schedule "A." As to all other merchandise, these actions are dismissed.

Judgment will be rendered accordingly.